Filed 4/2/24  P. v. McNorton CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DEJUAN ANTHONY MCNORTON,<br><br>    Defendant and Appellant. | 2d Crim. No. B327276<br>(Super. Ct. No. 18CR11070)<br>(Santa Barbara County) |

Dejuan Anthony McNorton[1] appeals from a resentencing order pursuant to Penal Code[2] section 1172.75.  McNorton contends, and the Attorney General concedes, that upon

---

[1] The record on appeal includes three different spellings of McNorton's first name.  We will use the spelling used in the California Department of Corrections and Rehabilitation records and the appellant's briefs.

[2] Further unspecified statutory references are to the Penal Code.

resentencing, the trial court erred in delegating recalculation of McNorton's custody credits to the California Department of Corrections and Rehabilitation (CDCR). We agree and reverse.

## FACTS AND PROCEDURAL HISTORY

In August 2019, McNorton pleaded no contest to kidnapping. (§ 207.) He also admitted one prior strike allegation (§§ 667, subds. (b)-(i), 1170.12) and two prior prison term allegations (§ 667.5, subd. (b)). The trial court sentenced him to 12 years in state prison (middle term of five years for kidnapping, doubled for the prior strike, plus two consecutive one-year terms for the prior prison enhancements).

After he was sentenced, the Legislature passed section 1172.75, which provides: "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5 . . . is legally invalid." (§ 1172.75, subd. (a).)

In March 2023, the trial court recalled McNorton's sentence pursuant to section 1172.75. It struck the two invalid prior prison term enhancements (§ 667.5, subd. (b)) and resentenced McNorton to 10 years in state prison. The court issued an amended abstract of judgment directing the CDCR "to re-calculate credits."[3]

## DISCUSSION

McNorton contends, and the Attorney General concedes, that the trial court erred in delegating recalculation of McNorton's custody credits to the CDCR and that the court should have calculated his custody credits. We agree.

---

[3] We grant McNorton's unopposed request for judicial notice of the CDCR list and related email correspondence identifying McNorton as an individual eligible for recall and resentencing pursuant to section 1172.75.

2

"It is the duty of the court imposing the sentence to determine the date or dates of any admission to, and release from, custody prior to sentencing and the total number of days to be credited pursuant to this section. The total number of days to be credited shall be contained in the abstract of judgment." (§ 2900.5, subd. (d).)

"Where a defendant has served any portion of his sentence under a commitment based upon a judgment which judgment is subsequently declared invalid or which is modified during the term of imprisonment, such time shall be credited upon any subsequent sentence he may receive upon a new commitment for the same criminal act or acts." (§ 2900.1.) "[W]hen a prison term already in progress is modified . . . , the *sentencing court* must recalculate and credit against the modified sentence *all actual time* the defendant has already served, whether in jail or prison, and whether before or since he was originally committed and delivered to prison custody." (*People v. Buckhalter* (2001) 26 Cal.4th 20, 29, italics added (*Buckhalter*).)

Here, McNorton's original sentence was recalled and he was resentenced pursuant to section 1172.75. Upon resentencing, the trial court, and not the CDCR, was required to calculate his actual custody credits. (*Buckhalter*, *supra*, 26 Cal.4th at p. 29.) Accordingly, we remand the matter with direction to the trial court to recalculate McNorton's custody credits for actual time served.

## DISPOSITION

The March 8, 2023, order directing the CDCR to recalculate custody credits is vacated. The matter is remanded to the trial court with directions to recalculate McNorton's custody credits for actual time served. The clerk of the court shall thereafter

3

prepare a new abstract of judgment with the trial court's recalculation of actual custody credits.

NOT TO BE PUBLISHED.


BALTODANO, J.


We concur:


YEGAN, Acting P. J.


CODY, J.

4

John F. McGregor, Judge

Superior Court County of Santa Barbara

_____

John Derrick, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, William H. Shin and Lindsay Boyd, Deputy Attorneys General, for Plaintiff and Respondent.